IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANNETTE I. DHANNIE                           :
                                             :
     v.                                      :   Civil Action No. DKC 18-2861
                                             :
THE UNITED STATES                            :
                                             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Federal Tort Claims Act ("FTCA") case is a motion to dismiss filed by Defendant, the United States of America ("United States" or "the Government"). (ECF No. 8). The issues are briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, Defendant's motion will be granted.

I. **Background**

The United States Citizenship and Immigration Services ("USCIS") denied Selwyn Dhannie's ("Mr. Dhannie") visa application on October 13, 2015. (ECF No. 1, at 8). Mr. Dhannie is a citizen of the United Kingdom and *pro se* Plaintiff Annette Dhannie's husband. Thereafter, Mr. Dhannie filed a USCIS Form I-601, Application for Waiver of Grounds of Inadmissibility on January 14, 2016. (ECF No. 1-6, at 1). USCIS denied this application on July 12, 2016. (*Id.*, at 1-2). Mr. Dhannie appealed the waiver denial on August 15, 2016, and on October 19, 2016, USCIS denied

the appeal. (ECF No. 1-7, at 1). Plaintiff filed an administrative tort claim against the United States Department of Homeland Security on May 25, 2018. (ECF No. 8-2, at 5). On September 14, 2018, Plaintiff filed suit against the United States pursuant to the FTCA, 28 U.S.C. §§ 2671 *et seq.* (ECF Nos. 1, at 4; 1-11). Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) or, in the alternative, for summary judgment on December 20, 2018. (ECF No. 8). Plaintiff opposed the motion on April 11, 2019. (ECF No. 12).

## II. Analysis

The FTCA provides a limited waiver of the sovereign immunity of the United States with respect to certain types of tort actions. *See* 28 U.S.C. §§ 1346(b), 2674. Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment[.]" *Id.* § 1346(b). As a waiver of sovereign immunity, the FTCA is to be narrowly construed and is not to be extended by implication. *See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992).

The FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). A plaintiff must have exhausted administrative remedies **prior** to filing suit, or the case is subject to dismissal. *McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). Completion of administrative proceedings after filing does not cure the defect, even if no substantive proceedings have yet taken place. *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (Because "the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the requisite period had expired.").

Although Plaintiff's administrative claim was filed before the complaint here, the claim had not been resolved and had not

3

been pending for six months without a disposition. Accordingly, Plaintiff filed suit prematurely and the complaint must be dismissed. Because the suit will be dismissed for a lack of subject matter jurisdiction, Defendant's remaining arguments need not be addressed.

                                                            /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge